IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Ramon Odin Lagos-M, #11885-017, a/k/a Ramon Odin Lagos-Murillo, a/k/a Antonio Cardona,<br><br>                Petitioner,<br><br>    v.<br><br>Warden of FCI Williamsburg,<br><br>                Respondent. | C/A No. 0:08-2913-HMH-PJG<br><br><br>**REPORT AND RECOMMENDATION** |

This habeas corpus matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) DSC on the respondent's motion to dismiss (Docket Entry 27). The petitioner, Ramon Odin Lagos-M ("Lagos"), a self-represented federal prisoner, filed this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Lagos asserts claims concerning the medical care he received while he was incarcerated at Federal Correctional Institution ("FCI") Williamsburg.

On December 9, 2008, the respondent filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1). (Docket Entry 27.) By order filed December 10, 2008, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), the petitioner was advised of the summary judgment and dismissal procedures and the possible consequences if he failed to respond adequately to the motion. (Docket Entry 28.) Lagos filed a response in opposition to the respondent's motion on January 14, 2009. (See Docket Entries 31 & 32.) This motion is now before the court for a Report and Recommendation.

**BACKGROUND**

At the time Lagos filed this habeas corpus action, he was incarcerated at FCI Williamsburg.[1] Lagos alleges that while he was housed at FCI Williamsburg, he was continually denied proper medical treatment for a skin rash resulting in severe pain, suffering, physical stress, fevers, and sleepless nights. (Pet., Docket Entry 1 at 3.) Lagos asserts that during his time at FCI Williamsburg, he filed numerous "cop-outs" notifying Mr. A.W. Langford, among others, that the medication he received was hurting his skin rather than helping and requesting medical treatment. Lagos further appears to argue that his treatment surpasses cruel and unusual punishment and that he is being treated as a slave. In support of Lagos's arguments he relies on 18 U.S.C. § 3553(a)(2)(D), which provides that in determining the sentence to be imposed, the court "shall consider . . . (2) the need for the sentence imposed . . . (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner."

**DISCUSSION**

**A.     Motion to Dismiss**

The respondent has moved for dismissal pursuant to Federal Rule of Civil Procedure 12(b)(1) contending that Lagos's petition should be dismissed for lack of subject matter jurisdiction.[2] A motion to dismiss under Federal Rule of Civil Procedure 12(b)(1) examines whether the petition fails

---

[1] It appears that Lagos was incarcerated at FCI Williamsburg from March 2, 3006 until August 29, 2008. (Cassaro's Declaration, Docket Entry 27-2.) However, Lagos has since been transferred and is currently incarcerated at FCI Allenwood in White Deer, Pennsylvania. (Docket Entry 24.)

[2] The respondent also argues that "A.W. Langford" should be dismissed as a respondent in the case. However, by order dated September 2, 2008, prior to service of this matter, A.W. Langford was terminated a respondent in this case. This order further stated that the only remaining respondent is the Warden of FCI Williamsburg.



to state facts upon which jurisdiction can be founded. In evaluating the motion, "all the facts alleged in the complaint are assumed to be true and the [petitioner], in effect, is afforded the same procedural protection as he would receive under a Rule 12(b)(6) consideration." Adams v. Bain, 697 F.2d 1213, 1219 (4th Cir. 1982). It is the petitioner's burden to prove jurisdiction, and the court is to "regard the pleadings' allegations as mere evidence on the issue, and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment." Richmond, Fredericksburg & Potomac R.R. Co. v. United States, 945 F.2d 765, 768 (4th Cir. 1991).

Habeas corpus proceedings are the proper mechanism for a prisoner to challenge the legality or duration of his custody. See Preiser v. Rodriguez, 411 U.S. 475, 484 (1973). Moreover, a petition for habeas corpus under § 2241 is the proper method to challenge the execution of a federal sentence. United States v. Little, 392 F.3d 671, 679 (4th Cir. 2004) (citing In re Vial, 115 F.3d 1192, 1194 n.5 (4th Cir. 1997) (*en banc*)). However, a civil rights action is the proper vehicle to challenge "the conditions of [a prisoner's] prison life, but not [] the fact or length of his custody." Preiser, 411 U.S. at 499.

In this case, Lagos is not challenging the legality or duration of his custody. Further, he is not entitled to any relief under § 2241 because he is not challenging the execution of his sentence, such as the administration of parole, sentence computation by prison officials, or prison disciplinary actions.[3] See Manigault v. Lamanna, C/A No. 8:06-047-JFA-BHH, 2006 WL 1328780, *1 (D.S.C. May 11, 2006). Rather, he is challenging the conditions of his confinement, or alleging a violation of his civil rights, which are not claims properly brought in a habeas corpus petition. See Glaus v.

---

[3] In fact, a ruling in his favor concerning his medical treatment would not even affect the execution of his sentence.



Anderson, 408 F.3d 382 (7th Cir. 2005) (holding that a claim for deliberate indifference to a prisoner's medical needs was not cognizable under § 2241 as release from custody was not an available remedy); Leamer v. Fauver, 288 F.3d 532, 542 (3d Cir. 2002) (stating that whenever a challenge attacks "the validity of the continued conviction or the fact or length of the sentence," it must be brought as a habeas corpus petition, but "when the challenge is to a condition of confinement such that a finding in plaintiff's favor would not alter his sentence or undo his conviction, an action under § 1983 is appropriate"); Badea v. Cox, 931 F.2d 573, 574 (9th Cir. 1991) ("Habeas corpus proceedings are the proper mechanism for a prisoner to challenge the 'legality or duration' of confinement. . . . A civil rights action, in contrast, is the proper method for challenging 'conditions of confinement.'"); Rae v. Luttrell, No. 95-5453, 76 F.3d 379 (E.D. Ky. 1996) (Table) (holding that "§ 2241, which is reserved for challenges to the execution of a sentence . . . may not be used to challenge the validity of a conviction or the conditions of confinement"); see also Lee v. Winston, 717 F.2d 888 (4th Cir. 1983) (concluding that a claim unrelated to the legality of his confinement, which sought to enjoin a state from removing a bullet from the prisoner, was cognizable under 28 U.S.C. § 1983 but not under 28 U.S.C. § 2254); but see Thompson v. Choinski, 525 F.3d 205, 209 (2d Cir. 2008) (stating that "[t]his court has long interpreted § 2241 as applying to challenges to the execution of a federal sentence, "including such matters as the administration of parole, . . . prison disciplinary actions, prison transfers, type of detention and prison conditions"). Accordingly, the court does not have subject matter jurisdiction under § 2241 to consider Lagos's habeas corpus petition and dismissal is appropriate. See Martin v. Overton, 391 F.3d 710, 713 (6th Cir. 2004) (holding that the district court should have dismissed the habeas petitioner's § 2241

petition without prejudice to allow petitioner to raise his potential civil rights claims properly as a § 1983 action rather than to re-characterize it as a § 2254 petition without notice to petitioner).

## RECOMMENDATION

For the foregoing reasons, the court recommends that the respondent's motion to dismiss (Docket Entry 27) be granted.

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

May 15, 2009
Columbia, South Carolina

*The parties' attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court judge need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985).